UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JOANNE MAHLER, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) Cause No. 3:16-cv-29 RLM-MGG |
| BIOMET, INC., *et al.*, | ) |
| Defendants. | ) |

OPINION AND ORDER

Joanne and Dave Mahler sued in state court for damages associated with Ms. Mahler's Biomet M2a-Magnum hip implant. They sued various Biomet entities and sales representative Jake Weible. Mr. Weible and the Mahlers are Missouri citizens. The Biomet entities removed. The Mahlers ask for a remand.

I. BACKGROUND

The Mahlers allege that Ms. Mahler's Biomet M2a-Magnum hip implant caused her pain and a buildup of metal ions and debris in her body, which resulted in, among other things, metallosis, osteolysis, and a need for revision surgery. She sued various Biomet entities based on strict liability and negligence theories, alleging defects in the design, manufacture, research, and testing of the hip implant, and failure to warn about the implant's harmful effects.

The Mahlers also sued Jake Weible, who they allege was a representative of the Biomet companies. They say he was present during Ms. Mahler's implant surgery and advised Ms. Mahler's surgeon as to the implant's safety and efficacy.

They claim Mr. Weible didn't use ordinary care in warning Ms. Mahler's surgeon of the risk of harm from the hip implant. The Biomet entities add that Mr. Weible was a sales representative for a Biomet distributor, Select Orthopedics, LLC.

The Mahlers sued in the Circuit Court of the County of St. Louis. The Biomet defendants then removed the case to the United States District Court for the Eastern District of Missouri. 28 U.S.C. § 1441. They did so without Mr. Weible's consent on the basis that Mr. Weible wasn't "properly joined and served." § 1446(b)(2)(A). The case was then transferred to this court as part of the MDL.

The Mahlers move to remand. They argue that because Mr. Weible and the Mahlers are all Missouri citizens, the federal courts lacks diversity jurisdiction. § 1332(a)(1). The Biomet entities argue that the Mahlers fraudulently joined Mr. Weible, so his citizenship must be ignored.

## II. STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction and may only exercise jurisdiction where it is specifically authorized by federal statute." Evers v. Astrue, 536 F.3d 651, 657 (7th Cir. 2008). Defendants in a state court case can remove the case to federal court if the federal court would have original jurisdiction over it. 28 U.S.C. § 1441(a). One route for original jurisdiction is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum state." Lincoln Prop. Co. v. Roche, 546 U.S. 81, 84 (2005); see § 1332(a). "The party asserting federal jurisdiction . . . has the burden of

2

establishing that" the jurisdictional requirements are met. Hartridge v. Aetna Cas. & Sur. Co., 415 F.2d 809, 814 (8th Cir. 1969). A court must remand a case to state court if it doesn't have subject matter jurisdiction over the case. § 1447(c).

The Mahlers and Mr. Weible are Missouri citizens. The various Biomet entities are Indiana citizens.[1] The Biomet entities removed a case with a non-diverse party, in this case Mr. Weible. They can avoid remand "only be demonstrating that the non-diverse party was fraudulently joined." Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 809 (8th Cir. 2003); Gottlieb v. Westin Hotel Co., 990 F.2d 323, 327 (7th Cir. 1993). "Fraudulent joinder" is oddly named, because it doesn't involve fraud. The basic question in fraudulent joinder review is "the reasonableness of the basis underlying the state claim. Where applicable state precedent precludes the existence of a cause of action against a defendant, joinder is fraudulent." Filla v. Norfolk S., 336 F.3d at 810. The district court's "task is limited to determining whether there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved." Id. at 811. Joinder of a defendant isn't fraudulent if there's a "colorable" cause of action against that defendant. Id. at 810.

---

[1] Biomet Orthopedics, Inc. was incorporated and had its principal place of business in Indiana, so it's an Indiana citizen. § 1332(c)(1). As limited liability companies, the citizenships of Biomet Orthopedics, LLC, Biomet Manufacturing, LLC, and Biomet U.S. Reconstruction, LLC are based on the citizenship of their members. OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). Biomet Orthopedics, LLC is wholly owned by Biomet U.S. Reconstruction, LLC, which is wholly owned by Biomet, Inc., which is incorporated and has its principal place of business in Indiana, so these are Indiana citizens. § 1332(c)(1). Biomet Manufacturing, LLC is wholly owned by Biomet, Inc., so it's an Indiana citizen too.

3

III. DISCUSSION

To remove, the defendants filed a "notice of removal . . . containing a short and plain statement of the grounds for removal." § 1446(a). In their notice of removal, the Biomet entities argued that the Mahlers have no possible claim against Mr. Weible, so he was fraudulently joined.

Missouri's "innocent seller" statute provides:

> 1. A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.
> 2. This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.

MO. REV. STAT. § 537.762. These provisions of the "innocent seller" statute are substantive law that this court, sitting in diversity, must apply. Thomas v. Brown & Williamson Tobacco Corp., No. 06-0223-CV-W-SOW, 2006 WL 1194873 (W.D. Mo. Apr. 28, 2006); Spears v. Bayer Corp., No. 03-1151-CV-W-GAF, 2004 WL 7081940, at *2-3 (W.D. Mo. Mar. 29, 2004); see Gramex Corp. v. Green Supply, Inc., 89 S.W.3d 432, 445 (Mo. 2002) ("[I]nherent in the statute is a substantive public policy choice of significant importance. To the extent that a plaintiff can otherwise obtain 'total recovery,' all liability of a downstream seller, who would otherwise be jointly and severally liable to plaintiff for damages and subject to contribution from the other defendants, is shifted to upstream defendants, including the manufacturer.").

Biomet argues that the "innocent seller" statute unambiguously prevents the Mahlers from recovering against Mr. Weible. To trigger the "innocent seller"

4

statute, the defendant's liability first must be "based solely on his status as a seller in the stream of commerce." MO. REV. STAT. § 537.762(1). Mr. Weible's alleged liability isn't "based solely on his status as a seller." It's based on the allegations that he was in the operating room during Ms. Mahler's implant surgery, advised the surgeon as to the implants' safety and efficacy, and neglected to warn the surgeon about the risk of the device shedding metal ions and debris. This is different from the paradigmatic claim against a seller, whose sole job is just that, selling the product, without any role in its installation.

The case contrasts with *Wichmann v. Proctor & Gamble Manufacturing Co.*, No. 4:06CV1457 HEA, 2006 WL 3626904 (E.D. Mo. Dec. 11, 2006). There the court held that the "innocent seller" exception applied because "there is no reasonable basis in law or fact which would impose a duty on the part of Dierbergs, as the seller of the subject tampons, to inspect or test the tampons or to warn Plaintiffs of the risks involved in the use of the tampons." *Id.* at *2. The Mahlers allege that Mr. Weible affirmatively took on the task of advising the surgeon as to the risks of the implanted device. This goes well beyond the role of the Dierbergs store in *Wichmann* whose sole job was to sell the product in question. *See also* Spears v. Bayer Corp., No. 03-1151-CV-W-GAF, 2004 WL 7081940, at *3 (W.D. Mo. Mar. 29, 2004) ("The common element of all these allegations is that Consentino acted as the seller of the product. There is no allegation that Consentino tested the medicine, that Consentino knew of any defect or that Consentino could have discovered any defect in the product.").

5

With a colorable argument that the "innocent seller" statute doesn't foreclose suit against Mr. Weible, the next issue is whether the Mahlers have a colorable claim of negligence. A "seller of a product who neither knows nor has reason to know the product is dangerous is not liable in a negligence action for harm caused by the product's dangerous condition because of the seller's failure to discover the danger by an inspection or test of the product before selling it." Hutchen v. Wal-Mart Stores E. I, LP, 555 F. Supp. 2d 1013, 1018-1019 (E.D. Mo. 2008) (quoting Dorman v. Bridgestone/Firestone, Inc., 992 S.W.2d 231, 239 (Mo. Ct. App. 1999)). The Mahlers allege facts supporting Mr. Weible's knowledge of the risks of the implant, particularly that he "advised Plaintiff's surgeon Dr. Dan Martin as to the safety and efficacy of the implants." As alleged, ensuring the safe installation of the product seems to be the main reason Mr. Weible was in the operating room. There seems to be a colorable claim for negligence if he didn't advise the surgeon correctly.

I'm not holding that these are the very best interpretations of the "innocent seller" statute or Missouri tort law. Instead, I simply hold that the plaintiffs have a *colorable* argument that they can prevail against Mr. Weible, and so his joinder isn't fraudulent. The court has no jurisdiction to proceed on this case, 28 U.S.C. § 1332(a), and so it must remand. § 1447(c). Should the state court dismiss the claim against Mr. Weible, the Biomet entities would be free to remove the case again. *See* § 1446(b)(3).

IV. Conclusion

Based on the foregoing, the court GRANTS the Mahlers' motion to remand [Doc. No. 8] and DIRECTS the Clerk to remand the case to the Circuit Court of St. Louis County, Twenty-First Judicial Circuit.

SO ORDERED.

ENTERED:  July 31, 2017

                                               /s/ Robert L. Miller, Jr.
                                              Judge
                                              United States District Court